UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **MICHAEL LEE WATTS, JR.** | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CAUSE NO. 2:12-CV-28-JRG |
| | § | |
| **L-3 COMMUNICATIONS** | § | |
| **CORPORATION,** *et al.,* | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION & ORDER

**I.   INTRODUCTION**

Before the Court is L-3 Communications Corporation and L-3 Communications AIS GP Corporation (collectively, "L-3" or "Defendants") Motion to Dismiss Plaintiff's Original Complaint.  (Dkt. No. 5.)  L-3 moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3) and 12(b)(6)[1] on the grounds that: (1) L-3 is not subject to personal jurisdiction in this Court; (2) venue in the Eastern District of Texas is improper under 28 U.S.C. § 1391; and (2) Plaintiff Michael Lee Watts, Jr's ("Watts" or "Plaintiff") Original Complaint fails to state a claim upon which relief can be granted.  After carefully considering the parties' written submissions, the Motion is **GRANTED-AS-MODIFIED** and this case is **ORDERED TRANSFERRED** pursuant to 28 U.S.C. § 1406, in the interests of justice, to the United States District Court for the Northern District of Texas.

---

[1] Because the court exercises its discretion to transfer this case to the Northern District of Texas pursuant to 28 U.S.C. § 1406, it does not reach the question of whether dismissal is appropriate under Fed. R. Civ. P. 12(b)(6).

II.     **FACTUAL AND PROCEDURAL BACKGROUND**

On January 12, 2012, Watts filed a Complaint alleging a single cause of action against L-3 under the Age Discrimination in Employment Act ("ADAE"), alleging that L-3 terminated his employment because of his age and replaced him with a younger employee. (Dkt. No. 1.)

L-3 is a large aviation company that specializes in heavy aircraft modification and special mission systems integration. (Dkt. No. 5, Affidavit of Jack Russell ("Russell Aff") ¶ 3.) Its client base include agencies of the United States government, foreign governments, and both private and publicly traded companies. *Id*. Watts began his employment with L-3 Communications Integrated Systems L.P. in 1986. (Russell Aff ¶ 6.) The facility at which Watts worked is located in Greenville, Hunt County, Texas, which is situated within the Northern District of Texas. *Id.* On approximately July 21, 2010, L-3 met with Watts at the Greenville facility to inquire about discrepancies between his time sheets and the time he was at work. (Russell Aff ¶ 9.) On July 27, 2010, L-3 again met with Watts at the Greenville facility to discuss these discrepancies and showed Watts multiple photos of him entering the workplace at times that were different than what he had listed on his time sheets. (Compl. ¶ 11, Russell Aff ¶ 9.) After Watts was unable to explain the discrepancies revealed by the photos, L-3 terminated his employment. *Id*. He was 52 years old at the time. *Id*., at ¶ 13.

Relevant to this Order, L-3 contends that Watts filed this lawsuit in an improper venue under 28 U.S.C. § 1391(b). L-3 argues that all the events giving rise to Watts' claim occurred in the Northern District of Texas, that L-3 does not have any facilities in the Eastern District of Texas and, therefore, there are not sufficient contacts to support the current venue in the Eastern District of Texas. (Dkt. No. 5, at 2.)

### III.    LEGAL STANDARDS

Federal Rule of Civil procedure 12(b)(3) permits defendants to move for dismissal based on improper venue. Upon the filing of a Rule 12(b)(3) motion, the burden of proving proper venue shifts to the Plaintiff. *See, e.g., ATEN Intern. Co. Ltd. v. Emine Tech. Co., Ltd.,* 261 F.R.D. 112, 120 (E.D. Tex. 2009); *Langton v. Cbeyond Commun., L.L.C.*, 282 F. Supp. 2d 504, 508 (E.D. Tex. 2003) (citing *LaserDynamics Inc. v. Acer America Corp.*, 209 F.R.D. 388, 390 (S.D. Tex. 2002)).

In the absence of an evidentiary hearing, a plaintiff may carry its burden of proving proper venue by presenting facts that, when taken as true, establish venue in the original forum. *Langton*, 282 F. Supp. 2d at 508 (citing *LaserDynamics*, 209 F.R.D. at 390). Although a court will resolve conflicting facts in favor of the plaintiff, the court must accept uncontroverted facts in a plaintiff's pleadings as true. *Id.* (citing *LaserDynamics*, 209 F.R.D. at 390). Upon a showing of improper venue, a court must either dismiss or transfer the case to a district or division in which it could have been brought. 28 U.S.C. § 1406.

Pursuant to the general venue statute, a civil action may be brought only in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial party of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For purposes of establishing venue in a state such as Texas, which has multiple federal judicial districts, a defendant business entity "shall be deemed to reside in any district in which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State…" 28 U.S.C. § 1391(d).

## IV.   ANALYSIS

Because Texas is a state with multiple federal judicial districts, in order to determine whether L-3 "resides" in the Eastern District, the Court must first analyze whether L-3 would be subject to personal jurisdiction in the Eastern District if it were a separate state. *See* 28 U.S.C. § 1391(d); *Langton*, 282 F. Supp. 2d at 508. In making this determination, the Court considers the Defendants' contacts with the Eastern District of Texas. *See Almanza v. PBX, Inc.,* No. B-06-191, 2007 U.S. Dist. LEXIS 3693, at *7 (S.D. Tex. Jan 12, 2007).

L-3 contends that it has no contacts whatsoever with the Eastern District of Texas. (Dkt. No. 5, at 9.) According to L-3, Watts was employed at the facility in Greenville, Texas, which is located in the Northern District of Texas. (Russell Aff ¶ 6.) Further, L-3 argues that all of Watt's allegations of wrongful conduct involve "Defendants' discriminatory employment practices," which necessarily occurred at his place of employment in the Northern District. (Dkt. No. 5, at 9.) L-3 also argues that this Court does not possess general jurisdiction over Defendants because it does not have the "continuous and systematic activities that support general jurisdiction," including engaging in business within, directing salespeople to, or soliciting business within the Eastern District. (Dkt. No. 5) (citing *Langton* 282 F. Supp. at 509.) L-3's affidavit states that none of the Defendants: (a) regularly engage in business in this District; (b) maintain telephone or fax listings in this District; (c) advertise or solicit business in this District; (d) pay taxes in this District; (e) actively recruit employees within this District; (f) generate a substantial amount of their revenue from customers in this District; or (g) own or control property in this District. (Russell Aff ¶¶ 7-8.)

Watts' only relevant response to L-3's arguments regarding improper venue rely on his allegation that Watts was a resident of the Eastern District of Texas at the time he was hired by

4

L-3. (Dkt. No. 11.) This is not sufficient. That Watts may have resided in the Eastern District at the time he was hired (over twenty-five years ago), does not, in and of itself, indicate the propriety of maintaining venue in the Eastern District of Texas. Watts does not cite to any of the factors that would typically establish jurisdiction and venue in this case. Accordingly, the Court finds that Watts has not carried his burden which is, in light of L-3's 12(b)(3) challenge, to show that venue is proper in the Eastern District of Texas.

V.   **CONCLUSION**

For the reasons set forth above, Watts' Motion to Dismiss is **GRANTED-AS-MODIFIED**. However, rather than dismiss this case under Rule 12(b)(3), this Court, acting in the interests of justice, **ORDERS** this case **TRANSFERRED,** pursuant to 28 U.S.C. § 1406, to the United States District Court for the Northern District of Texas.

**So ORDERED and SIGNED this 25th day of September, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE